# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Yolanda Allen

ORIGINAL

AUG 1 6

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**DEFENDANTS**
Center Operating Company, L.P. and Colette Vallot

**(b)** County of Residence of First Listed Plaintiff  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John E. Wall, Jr.
5728 Prospect Ave., Ste. 2001
Dallas, Texas 75206
214-887-0100

Attorneys (If Known)

**3-02CV 1764P**

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- x  3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | x 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐870 Taxes (U.S. Plaintiff | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | x  790 Other Labor Litigation | or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐871 IRS—Third Party | x 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

- x 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION     (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Title VII of the Civil Rights Act of 1969 as amended, 42 U.S.C 2000e-5 as amended and 28 U.S.C section 1331  Plaintiff was discriminated against by Defendant on the basis of race. Additionally, Plaintiff was assaulted by Defendant Vallot who was an employee of Defendant COC, L.P.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over 75,000 00

CHECK YES only if demanded in complaint:
JURY DEMAND:  x Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| YOLANDA ALLEN, §<br>§<br>*Plaintiff,* §<br>§<br>V. §<br>§<br>CENTER OPERATING COMPANY, L.P. §<br>and COLETTE VALLOT, §<br>§<br>*Defendants.* § | CIVIL ACTION NO. _____<br><br>**3-02CV 1764P** |

U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF TE...<br>FILED<br>AUG 16 2002<br>CLERK, U.S. DISTRICT COURT<br>By_____<br>Deputy

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Yolanda Allen, Plaintiff, complaining of Defendants, Center Operating Company, L.P. and Colette Vallot, and for cause of action would respectfully show unto the Court as follows:

### I.

### JURISDICTION AND VENUE

1.  Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1969 as amended, 42 U.S.C. 2000e-5 as amended and 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's remaining state law causes based on supplemental jurisdiction. 28 U.S.C. sec. 1367.

2.  The unlawful employment practices and assault alleged below were committed within the State of Texas.

PLAINTIFF'S ORIGINAL COMPLAINT
F:\Clients\Allen\Yolanda\Pleadings\orig.comp.wpd

1

## II.

## PARTIES

3.     Plaintiff is a female citizen of the United States and is a resident of the City of De Soto,

the County of Dallas, the State of Texas. Plaintiff was employed by the Defendant, Center Operating

Company, L.P. at its facility in Dallas County at all times relevant to the allegations set forth in this

Complaint.

4.     Defendant, Center Operating Company, L.P. is a domestic limited partnership

authorized to do business in the State of Texas and may be served with process by serving its

registered agent, to wit: Brad Mayne, 2500 Victory Ave., Dallas, TX 75219.

5.     Defendant, Colette Vallot, is an individual and a resident of the City of Dallas, the

County of Dallas, the State of Texas and may be served with process via private process at her last

known place of residence, to wit: 12500 Merit, Dallas, Texas 75251.

## III.

## ADMINISTRATIVE PROCEDURES

6.     Plaintiff timely filed a charge of employment discrimination against the Defendant

Center Operating Company, L.P. with the Equal Employment Opportunity Commission on or about

May 20, 2002. Plaintiff received a dismissal notice and "Notice of Right to Sue" concerning the

charge by letter from the Equal Employment Opportunity Commission dated, May 20, 2002, entitling

her to institute a civil action within 90 days of the date of the receipt of said notice.

## IV.

## DISCRIMINATION

7.     On information and belief, the Defendant Center Operating Company followed a policy and practice of discrimination against Plaintiff because of her race (African American), in violation of 42 U.S.C. § 2000e *et seq*.  The discriminatory practices and policies include, but are not limited to the following:

(a) Discriminating against Plaintiff in the terms, conditions and privileges of employment;

(b) Harassing Plaintiff; and

(c) Terminating Plaintiff's employment on or about May 16, 2002.

(d) retaliating against Plaintiff in violation of the act.

8.     The effect of the policies and practices pursued by the Defendant Center Operating Company, L.P. as alleged above has limited, classified, discriminated against Plaintiff in ways which jeopardized her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her race, in violation of 42 U.S.C. § 2000e *et seq*.

9.     As a further result of the Defendant Center Operating Company, L.P.'s actions, Plaintiff has been and is being deprived of income in the form of wages and prospective retirement benefits, and other benefits due to her as an employee solely because of her race in a sum to be proven at trial.

10.     Plaintiff has no plain, adequate, or complete remedy at law to correct the practices

described herein, and this suit for injunctive relief is her only means for securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant Center Operating Company, L.P.'s policies, practices, customs and usage set forth herein.

11.   Plaintiff was earning approximately $40,000 per year prior to termination.  Thus, Plaintiff is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present.

12.   Plaintiff was approximately 43 years of age when the Defendant Center Operating Company, L.P. terminated her employment, and had a work-life expectancy of approximately 22 years.  Thus, Plaintiff is entitled to recover the earnings and benefits that in reasonable probability will be lost in the future.

13.   Defendant Center Operating Company, L.P.'s conduct toward Plaintiff caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks compensatory damages.

14.   Plaintiff's harm was a result of the Defendant Center Operating Company, L.P.'s malice or reckless indifference to Plaintiff's protected rights, thus Plaintiff seeks exemplary damages.

## V.

## ASSAULT AND RATIFICATION

15.   Plaintiff would also show she was assaulted by Defendant, Colette Vallot as that term is understood in the law and said assault was done knowingly and intentionally.  Plaintiff was assaulted when Defendant Colette Vallot pushed her and grabbed her while both were at

work for Defendant Center Operating Company, L.P. Plaintiff found this contact to be offensive and suffered injuries including physical pain and mental anguish as a result of this assault.

16.     Plaintiff would further show that the Defendant Center Operating Company, L.P. has ratified the Defendant Colette Vallot's assault and that the assault was committed in the course and the scope of the Defendant, Colette Vallot's employment with Defendant, Center Operating Company, L.P. The Defendant, Center Operating Company, L.P. is liable for the injuries and damages described above and suffered by the Plaintiff and inflicted on the Plaintiff by reason of the doctrines of respondeat superior and ratification of Colette Vallot's commission of an intentional tort.

### VI.

17.     The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

### VII.

### PRAYER

WHEREFORE, Plaintiff respectfully requests this Court to:

(1)     Grant Plaintiff a permanent injunction enjoining the Defendant, Center Operating Company, L.P., its officers, agents, successors, employees, attorneys, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against Plaintiff on the basis of race;

(2)     Order the Defendant, Center Operating Company, L.P. to make Plaintiff whole by

**PLAINTIFF'S ORIGINAL COMPLAINT**
F:\Clients\Allen\Yolanda\Pleadings\orig.comp.wpd

providing appropriate back pay and reimbursement for lost benefits in an amount to be shown at trial as well as all other damages to which Plaintiff is entitled;

(3)     Order the Defendant, Center Operating Company, L.P. to provide Plaintiff with lost earnings and employee benefits that in reasonable probability will be lost in the future;

(4)     Order the Defendants, Center Operating Company, L.P. and Colette Vallot to provide Plaintiff with compensation for physical pain and mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses;

(5)     Order the Defendants Center Operating Company, L.P. and Colette Vallot to pay actual damages, compensatory and exemplary damages;

(6)     Order the Defendants Center Operating Company, L.P. and Colette Vallot to be taxed with the cost of this action, including reasonable attorney's fees;

(7)     Retain jurisdiction over this action to secure compliance with the orders of this Court and with 42 U.S.C. § 2000e, and require the Defendant Center Operating Company, L.P. to file such reports at the Court may deem necessary to evaluate such compliance; and

(8)     Grant such additional relief as to the Court may seem just and proper.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

John E. Wall, Jr.
State Bar No. 20756750
Laura Eardley Calhoun
State Bar No. 06342400
Connie A. Pena
State Bar No. 24034621
*Attorneys for Plaintiff*


## JURY REQUEST

Plaintiff respectfully requests a jury trial.

## PLAINTIFF'S CERTIFICATE OF INTERESTED PERSONS

COMES NOW, Plaintiff Yolanda Allen and files this her Certificate of Interested Persons

pursuant to Local Rule 3.1(f).  The following persons and entities have a financial interest in the
outcome of the case:

Yolanda Allen
528 Newcastle
De Soto, TX 75115

Center Operating Company, L.P.
2500 Victory Avenue
Dallas, TX 75219

Colette Vallot
12500 Merit
Dallas, TX 75251

John E. Wall, Jr.
Law Offices of John E. Wall, Jr.
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284

_____
John E. Wall, Jr.