ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3-02 CV 1764 P |
| | § | |
| CENTER OPERATING COMPANY, | § | |
| L.P. AND COLETTE VALLOT, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CENTER OPERATING COMPANY, L.P.'S ORIGINAL ANSWER**

Defendant Center Operating Company, L.P. ("COC")[1] files this Original Answer to Plaintiff's Original Complaint, and would show the Court as follows:

***A.   DEFENDANT'S ORIGINAL ANSWER***

COC responds to the correspondingly numbered paragraphs in Plaintiff's Original Complaint as follows:

**I.**

**Jurisdiction and Venue**

1.   COC admits this Court has jurisdiction over Plaintiff's claim of discriminatory termination brought pursuant to Title VII and has supplemental jurisdiction over Plaintiff's state law claim. However, COC denies the remaining allegations in this paragraph and denies that this Court has jurisdiction over all claims pled by Plaintiff pursuant to Title VII. COC further denies violating Title VII or committing any unlawful acts.

---

[1] For federal employment tax purposes, the payor of compensation to Plaintiff was Arena Operating Company, Inc.

**DEFENDANT CENTER OPERATING COMPANY, L.P.'S ORIGINAL ANSWER – Page 1**
DALLAS:100496.1 044510.1000

2. COC denies the allegations in this paragraph and denies committing any unlawful acts.

## II.

## Parties

3. COC believes Plaintiff to be a citizen of the United States. COC is without knowledge or information sufficient to admit or deny Plaintiff's current residence. COC admits that during all times relevant to Plaintiff's claims, Plaintiff was employed by COC at its facility in Dallas County.

4. COC admits the allegations in paragraph 4 of Plaintiff's Original Complaint.

5. COC is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 of Plaintiff's Original Complaint and therefore denies the same.

## III.

## Administrative Procedures

6. COC admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission to the extent of those allegations alleged in the charge. COC further admits that the charge filed by Plaintiff is dated May 20, 2002. COC is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6 of Plaintiff's Original Complaint, and therefore denies the same.

## IV.

## Discrimination

7. COC admits that it terminated Plaintiff's employment on or about May 16, 2002. COC denies all remaining allegations in paragraph 7 of Plaintiff's Original Complaint, specifically including those items listed as (a) through (d), and denies undertaking any unlawful

conduct or violating 42 U.S.C. § 2000e *et. seq.*

8. COC denies the allegations in paragraph 8 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies violating 42 U.S.C. § 2000e *et. seq.*

9. COC denies the allegations in paragraph 9 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

10. COC denies the allegations in paragraph 10 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

11. COC admits only that Plaintiff was earning $40,000 on an annualized basis prior to her termination. COC denies all remaining allegations in paragraph 11 of Plaintiff's Original Complaint and denies that Plaintiff is entitled to the relief she seeks in this paragraph.

12. COC admits only that it believes Plaintiff was 43 years of age when COC terminated her employment. COC denies all remaining allegations in paragraph 12 of Plaintiff's Original Complaint and denies Plaintiff is entitled to the relief she seeks in this paragraph.

13. COC denies the allegations in paragraph 13 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

14. COC denies the allegations in paragraph 14 of Plaintiff's Original Complaint, denies undertaking any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

V.

**Assault and Ratification**

15. COC is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of Plaintiff's Original Complaint and therefore denies the same.

16. COC denies the allegations in paragraph 16 of Plaintiff's Original Complaint, denies ratifying any unlawful conduct and denies Plaintiff is entitled to the relief she seeks in this paragraph.

VI.

17. COC denies that Plaintiff is entitled to the relief she seeks in paragraph 17 of her Original Complaint.

VII.

**Prayer**

18. COC denies committing any unlawful conduct and denies Plaintiff is entitled to any of the relief she seeks in her Prayer, specifically those items enumerated (1) through (8).

*B.* *GENERAL DENIAL*

19. Any allegations not specifically admitted, explained, modified or denied above are here and now denied.

*C.* *AFFIRMATIVE AND OTHER DEFENSES*

Subject to and without waiving the foregoing and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by her, and in the alternative where necessary, COC shows the following:

20. COC asserts the after-acquired evidence doctrine.

21. COC asserts the defense of Plaintiff's failure to mitigate damages.

22. COC asserts that Plaintiff has failed to exhaust her administrative remedies.

23. COC asserts that certain of Plaintiff's claims are barred by the applicable limitations period.

24. COC never discriminated or retaliated against Plaintiff based on her race or any alleged protected conduct. All decisions made with respect to Plaintiff, if any, were for legitimate, nondiscriminatory reasons.

25. COC acted reasonably to prevent and/or correct any harassing behavior as alleged by Plaintiff herein, and Plaintiff failed to act reasonably and avail herself of these measures.

26. Pursuant to *Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999), COC cannot be held vicariously liable for punitive damages based on discriminatory employment decisions of managerial agents as any allegedly unlawful decisions are contrary to COC's good faith efforts, instructions and publications to comply with Title VII.

27. Any alleged tortious conduct by a COC employee is outside the course and scope of the employee's duties for COC and is unauthorized by COC.

28. COC is entitled to application of all applicable damage limitations, including those specifically enumered in 42 U.S.C. § 1981a(b)(3) and in the Texas Civil Practice and Remedies Code § 41.008.

29. To the extent Plaintiff's allegations are intended to or have the effect of using a governmental entity to suppress any individual person or entity's right to engage in protected speech under the First Amendment, Plaintiff's requested relief is unconstitutional under the United States Constitution.

Defendant Center Operating Center, L.P. respectfully requests that Plaintiff's Original Complaint be dismissed, that Plaintiff take nothing by this suit, that Defendant recover its

reasonable attorneys' fees, expenses and all costs of court, and that Defendant be awarded such other and further relief to which it may be justly entitled.

Respectfully submitted,

_[signature]_

M. Scott McDonald
Texas State Bar No. 13555505
Ellen L. Perlioni
Texas State Bar No. 00794155
Brian D. Johnston
Texas State Bar No. 24032471

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue, Suite 2600
LockBox 116
Dallas, Texas 75201.2931
214.880.8100
214.880.0181 (Fax)

ATTORNEYS FOR DEFENDANT
CENTER OPERATING COMPANY, L.P

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2002, a true and correct copy of the foregoing was sent via certified mail, return receipt requested to:

John E. Wall, Jr.
Law Offices of John E. Wall, Jr.
5728 Prospect Avenue, Suite 2001
Dallas, TX 75206-7284

_[signature]_

M. Scott McDonald
Ellen L. Perlioni
Brian D. Johnston